IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-CR-0028-002-CVE |
| | ) | |
| ANTONIO MARTEL RANDLE, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is defendant's motion for relief from judgment (Dkt. # 162). Defendant moves under Rule 60(b)(6) of the Federal Rules of Civil Procedure to vacate his convictions for violation of 21 U.S.C. § 841(a)(1), claiming newly discovered evidence of police misconduct is sufficient to render the convictions invalid. Defendant requests that the Court vacate his convictions and remand for a new trial, or in the alternative, vacate his convictions and order his immediate release.

Defendant stands convicted of counts two and three of the indictment, charging manufacture of and possession with intent to distribute cocaine base, and possession with intent to distribute cocaine base, each in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Defendant was sentenced to an imprisonment term of 151 months, said terms to run concurrently, each with the other.

Rule 60(b) of the Civil Rules of Procedure provides no basis for defendant's requested relief. Rule 60(b) does not apply to a criminal proceeding. United States v. Spry, 260 Fed.Appx. 52, 54 (10th Cir. 2008); United States v. Ramirez, 211 Fed.Appx. 712, 714 (10th Cir. 2007); United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) (per curiam) ("Rule 60(b) simply does not provide

for relief from judgment in a criminal case."); United States v. O'Keefe, 169 F.3d 281, 289 (5th Cir. 1999) (same). Nor is Rule 60(b) an independent source of jurisdiction in a criminal case. Ramirez, 211 Fed.Appx. at 714; see also United States v. Johnson, 159 Fed.Appx. 835, 838-39 (10th Cir. 2005) ("[W]hile Federal Rule of Civil Procedure 60(b) has a 'valid role to play in habeas cases,' it does not provide relief from judgment in a criminal case." (quoting Gonzalez v. Crosby, 545 U.S. 524, 533-34, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005), and citing Mosavi, 138 F.3d at 1366)).

**IT IS THEREFORE ORDERED** that defendant's motion for relief from judgment (Dkt. # 162), is **dismissed for lack of jurisdiction**.

**IT IS SO ORDERED** this 26th day of October, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT