**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-CR-0028-002-CVE |
| | ) | (11-CV-0761-CVE-PJC) |
| **ANTONIO MARTEL RANDLE,** | ) | |
| a/k/a Critical, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On December 5, 2011, defendant Antonio Martel Randle, a federal prisoner appearing pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 164). Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." Defendant claims that Tulsa Police Department (TPD) Officer Jeff Henderson obtained a search warrant for defendant's residence by making false statements in his affidavit and that defendant's constitutional rights were violated by the government's failure to produce evidence of Henderson's misconduct. Dkt. # 164, at 4-7. The government responds that defendant's § 2255 motion is untimely and that evidence of Henderson's misconduct in other cases is impeachment evidence that was not material to defendant's decision to enter a guilty plea. Dkt. # 178, at 13-23. Defendant has filed a reply (Dkt. # 184) in support of his § 2255 motion, and he asks the Court to appoint counsel and set this matter for an evidentiary hearing.

**I.**

Procedural History

On February 10, 2005, Edsel Jerome Crawl, Jr., Rasha Elliot Hamilton, Kleimon Willis Jones, and defendant were indicted on charges of conspiracy to distribute cocaine base (crack) (count one), manufacturing 50 grams or more of crack (count two), and possessing 50 grams or more of crack with intent to distribute (count three). Dkt. # 2. Defendant made his initial appearance on February 17, 2005, and attorney Terry Weber was appointed to represent defendant. Dkt. ## 11, 12. The government filed a motion to detain defendant pending trial and, after a detention hearing, the government's motion was granted. Dkt. ## 10, 25.

Defendant filed a motion to suppress (Dkt. # 38) asserting that the affidavit for search warrant failed to include enough information to support the issuance of a warrant authorizing nighttime execution. The affidavit for search warrant was drafted and signed by Henderson, and the affidavit states in relevant part:

> YOUR AFFIANT FURTHER STATES THAT WITHIN THE PAST 48 HOURS, HE MET WITH A RELIABLE, CONFIDENTIAL INFORMANT (HEREAFTER REFERRED TO AS RCI). THE RCI HAS IN THE PAST GIVEN INFORMATION TO YOUR AFFIANT AND OTHER LAW ENFORCEMENT AGENCIES IN EXCESS OF SEVEN OCCASIONS. ALL SUBJECTS ARRESTED SUBSEQUENT TO INFORMATION RECEIVED FROM THIS RCI HAVE BEEN SUCCESSFULLY CHARGED WITH NARCOTIC VIOLATIONS. YOUR AFFIANT FURTHER STATES THAT THE INFORMATION THAT THE RCI [SIC] HAS NEVER BEEN UNTRUE OR MISLEADING. THE INFORMATION THE RCI HAS PROVIDED IN THE PAST HAS BEEN UP TO DATE AND VITAL ON SEVERAL NARCOTICS INVESTIGATIONS. YOUR AFFIANT FURTHER STATES THAT THE RCI HAS SHOWN KNOWLEDGE OF THE TRAFFICKING OF NARCOTICS AND OTHER CONTROLLED DANGEROUS SUBSTANCES.
>
> YOUR AFFIANT FURTHER STATES THAT IN THE PAST 48 HOURS THE MENTIONED RCI HAS BEEN TO THE ABOVE DESCRIBED RESIDENCE AND OBSERVED A BLACK MALE, KNOWN TO THE RCI AS ANTONIO

> RANDLE, ALSO KNOWN AS "CRITICAL", WHO WAS SELLING COCAINE OF OUT [SIC] THIS RESIDENCE. THE RCI DIRECTED YOUR AFFIANT TO THE RESIDENCE AND POINTED IT OUT AS THE RESIDENCE FROM WHICH THE RCI OBSERVED THE COCAINE. THE RCI TOLD YOUR AFFIANT THAT THE RCI HAS OBSERVED "CRITICAL" CONDUCT DRUG TRANSACTIONS FROM THIS RESIDENCE. THE RCI DESCRIBED THE COCAINE TO YOUR AFFIANT AND THAT THE RCI IS POSITIVE THAT THE ITEMS SEEN IN THE RESIDENCE WERE INDEED COCAINE.

Dkt. # 38, at 6-7. The affidavit states that Henderson and other TPD officers had observed short term traffic to and from defendant's residence between 10 p.m. and 6 a.m., and the heavy volume of short term traffic was an "indication" that defendant was selling drugs during the nighttime hours. Id. at 7. The affidavit was prepared on December 15, 2004, and the warrant was signed by Tulsa County District Court Judge Millie Otey on the same day. TPD officers executed a search of defendant's residence on December 17, 2004, and they found cocaine powder and cocaine base (crack) in the kitchen.

The Court held an evidentiary hearing on defendant's motion to suppress, and Henderson was the only witness called to testify. Dkt. # 55. Henderson testified about his initial investigation and preparation of the search warrant affidavit. Dkt. # 116, at 24-27. Henderson requested nighttime service of the warrant, because the reliable confidential informant (RCI) advised Henderson that defendant sold drugs only at night. Id. at 28. He stated that TPD officers knocked on defendant's front door to announce the presence of police. Id. at 32-33. The occupants of the residence refused to open the door and police breached the front door. Henderson stated that defendant and others were in the kitchen "cooking" cocaine base and packaging it for sale. Id. at 36-38.

The Court denied defendant's motion to suppress and found that the affidavit contained sufficient facts to support a finding of probable cause for a nighttime search. Dkt. # 58, at 4-5. The

Court stated that a judge relying on the facts contained in the affidavit "could reasonably and logically have found that there was likelihood that the property in the warrant would be destroyed, moved, or concealed had the warrant not authorized nighttime service" and the requirements of state and federal law for nighttime execution of a search warrant were satisfied. Id. at 5. Following the denial of his motion to suppress, defendant entered a guilty plea with a written plea agreement (Dkt. # 84-1) to counts two and three of the indictment. Defendant reserved the right to appeal the denial of his suppression motion. On October 6, 2005, the Court sentenced defendant to 151 months imprisonment as to count two and three, and the sentences were ordered to run concurrently. Dkt. # 106.

Defendant appealed the denial of his suppression motion and Tenth Circuit Court of Appeals affirmed the Court's decision on September 18, 2006. Dkt. # 135. On June 9, 2008, defendant filed a motion for reduction of sentence (Dkt. # 146) based on amendments to the sentencing guidelines concerning the range of punishment for offenses involving crack. Defendant's sentence was reduced to 121 months imprisonment. Dkt. # 151. His sentence was subsequently reduced to 120 months, but the Court denied defendant's request to reduce the sentence below the mandatory statutory minimum of 120 months.[1] Dkt. # 173. On October 24, 2011, defendant filed a motion for relief under Fed. R. Civ. P. 60(b) and alleged that Henderson relied on a fraudulently obtained warrant to search defendant's residence. Dkt. # 162. Defendant claimed that evidence of Henderson's misconduct was unavailable at the time of his criminal proceedings and that his motion was based on newly discovered evidence. He also claimed that he had asked defense counsel to challenge the validity of the search warrant based on the non-existence of the confidential informant and the falsity

---

[1] This decision was affirmed by the Tenth Circuit on January 24, 2013. Dkt. # 193.

of the allegations in Henderson's affidavit for search warrant, but defense counsel refused to raise these arguments in defendant's motion to suppress. Id. at 6. He asked the Court to "dismiss the illegally obtained convictions and order [his] immediate release." Id. at 11. The Court dismissed defendant's motion for lack of jurisdiction, because the Court lacked the power to grant the relief requested by defendant under Rule 60(b). Dkt. # 163. On December 5, 2011, defendant filed this § 2255 motion (Dkt. # 164) asserting three grounds for relief. First, he argues that his constitutional rights were violated by the government's failure to produce evidence that could be material to his guilt or innocence or Henderson's credibility. Dkt. # 164, at 4. Second, he argues that defense counsel refused to investigate defendant's allegations concerning Henderson's misconduct, and defendant received ineffective assistance of counsel. Id. at 6. Third, defendant claims that Henderson's statements in the affidavit for search warrant and his testimony at the suppression hearing were false, and that Henderson's conduct violated defendant's constitutional rights. Id. at 7.

Criminal Charges Against Henderson

On July 19, 2010, a grand jury returned a sealed indictment charging Henderson and a co-defendant, William Yelton, with drug and firearms offenses, conspiracy to commit and suborn perjury, perjury, witness tampering, and conspiracy to deprive individuals of their civil rights. United States v. Jeff M. Henderson and William A. Yelton, 10-CR-117-BDB (N.D. Okla), Dkt. # 2. On July 20, 2010, Henderson made his initial appearance and the indictment was unsealed. A superseding indictment (Dkt. # 111) with additional criminal charges against Henderson was filed on September 24, 2010. The case went to trial and Henderson was convicted on eight charges.

5

Seven of the convictions were for perjury based on Henderson's false testimony at a suppression hearing in United States v. Ronald Crawford, 09-CR-26-CVE (N.D. Okla.).[2]

Defendant's Allegations of Henderson's Misconduct

Defendant alleges that, on December 17, 2004, Henderson and three other TPD officers entered his home without a warrant. Dkt. # 165, at 4. Defendant and five other persons were present when the warrantless search began, and defendant claims that the occupants of the home were immediately placed in handcuffs by Henderson and the other officers. Id. Defendant claims that Henderson emptied their pockets and stole money from defendant and others, but this money was not reported in any official documents. Id. at 4-5. Defendant claims that Henderson split the stolen money with the other officers present. Henderson allegedly told defendant that he had heard of defendant after conducting a traffic stop of "Lil Daddy," and Henderson asked defendant if he went by the name "Critical." Id. at 5.

Defendant claims that Henderson left defendant's home to "fix" a search warrant, and the other TPD officers present continued to search defendant's home while they waited for Henderson to return with a warrant. Id. Henderson allegedly returned with a warrant dated December 15, 2004, and defendant claims that Henderson altered the warrant. Id. at 5-6. More TPD officers arrived to transport defendant and others to jail, and defendant was subsequently charged with drug offenses by a federal grand jury. Defendant claims that the drugs used as evidence against him were planted by Henderson and that the RCI referenced in the affidavit for search warrant did not exist. Dkt. # 164, at 4.

---

[2] In addition, Henderson was convicted of depriving Carah Bartel and William Kinard of their constitutional rights in violation of 18 U.S.C. § 242. Henderson, 10-CR-117-BDB (N.D. Okla), Dkt. # 300, at 44.

**II.**

The parties dispute whether defendant's § 2255 motion is timely. Defendant argues that his motion is based on newly discovered evidence of Henderson's misconduct and criminal prosecution, and defendant claims that he filed his motion within one year of discovery of the new evidence. Dkt. # 184, at 2. The government responds that defendant would have known of Henderson's alleged misconduct before he entered a guilty plea and that he failed to raise this issue during his criminal proceedings or on direct appeal, and defendant's § 2255 motion is untimely. Dkt. # 178, at 15.

Section 2255 provides a one year statute of limitations for initial motions to vacate, set aside, or correct sentence, and the statute of limitations begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Defendant's conviction became final on December 17, 2006,[3] and his § 2255 motion was filed on February 27, 2012; his motion is untimely under subsection (f)(1). However, defendant argues that he discovered new evidence and that his motion is timely under subsection (f)(4).

---

[3] Defendant's appeal was denied on September 18, 2006 and he did not file a petition for writ of certiorari in the United States Supreme Court. Thus, his conviction became final on December 17, 2006 when his time to file a petition for writ of certiorari expired. Clay v. United States, 537 U.S. 522, 527 (2003).

To establish that his § 2255 motion is timely, defendant must do more than state that he learned of new information at some unspecified date and then filed a § 2255 motion. Instead, defendant must show that he exercised due diligence in attempting to gather new evidence and that he filed his § 2255 motion within one year of the date from which the facts could be discovered. Moore v. United States, 438 Fed. App'x 445, 447 (6th Cir. Sep. 7, 2011). Due diligence does not mean "maximum" diligence on the part of the defendant, but it does mean that defendant must show that he made "reasonable efforts" to discover the new evidence in a timely manner. Aron v. United States, 291 F.3d 708, 712 (11th Cir. 2002); Wims v. United States, 225 F.3d 186, 190 (2d Cir. 2000). A defendant does not have to "undertake repeated exercises in futility or to exhaust every imaginable option," but § 2255(f)(4) does "at least require that a prisoner make *reasonable* efforts to discover the facts supporting his claims." Anjulo-Lopez v. United States, 541 F.3d 814, 818 (8th Cir. 2008).

Defendant claims that he learned that Henderson had been indicted after he acquired a copy of an order unsealing an ex parte discovery notice in United States v. Tony Maurice Becknell, Jr., 05-CR-84-JHP (N.D. Okla.). Dkt. # 165, at 7, 20. Defendant does not state when he saw or obtained a copy of the unsealed discovery notice. The discovery notice was unsealed on October 12, 2011. However, the unsealed discovery notice was not the first document or filing that would have put a reasonable person on notice that Henderson was suspected of misconduct. News of the Tulsa police corruption scandal became public at least as early as May 2010, and Henderson's involvement was alleged in unsealed court documents, newspaper articles, and judicial decisions during the summer of 2010. See United States v. Williams, 2011 WL 489771 (N.D. Okla. Feb 7, 2011) (describing police corruption investigation and providing citations to newspaper articles dating back to May 2010); United States v. Crawford, 2010 WL 5071039 (N.D. Okla. Dec. 7, 2010)

8

(ruling on motion for discovery in support of a § 2255 motion filed on June 22, 2010 concerning Henderson's alleged misconduct); United States v. Henderson, 2010 WL 4065467 (N.D. Okla. Oct. 15, 2010) (ruling on a motion to withdraw by one of Henderson's attorneys in his criminal case). In a recent decision, a state inmate's habeas petition under 28 U.S.C. § 2254 was found to be time-barred because it was not filed within one year from July 20, 2010, the date Henderson made his initial appearance in his criminal case and the indictment was unsealed. Smallwood v. Martin, 2012 WL 6707315 (N.D. Okla. Dec. 26, 2012).

The Court finds that defendant has not shown that he filed his § 2255 motion within one year of the date from which a person exercising due diligence should have discovered facts in support of claims based on alleged misconduct by Henderson. Defendant has made no attempt to show when he first learned of the criminal investigation concerning the TPD or if he was actively attempting to locate evidence. A person exercising due diligence would have learned well before December 5, 2010 of Henderson's misconduct, particularly if that person were actually searching for evidence to prove his innocence. The Court has carefully reviewed defendant's § 2255 motion and attached documents, and it does not appear that defendant was making any efforts to locate evidence of Henderson's alleged misconduct until he saw a copy of the unsealed discovery notice. Thus, defendant's § 2255 motion filed on December 5, 2011 is time-barred under § 2255(f), and the motion should be dismissed.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside, or correct sentence pursuant to § 2255 (Dkt. # 164) is **dismissed without prejudice as time-barred**. A separate judgment of dismissal is entered herewith.

**DATED** this 31st day of January, 2013.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE